IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Daniel Abraham,<br><br>               Plaintiff,<br><br>vs.<br><br>Sallie Mae, Inc.,<br><br>               Defendant. | Civil Action No. 6:10-cv-929-HFF-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

The plaintiff, proceeding *pro se*, brought this action in state court alleging breach of contract, breach of provisions of the Uniform Commercial Code, conspiracy to interfere with civil rights in violation of 42 U.S.C. § 1985, and violations of the Fair Debt Collection Practices Act. The defendant removed the action to federal court on April 15, 2010. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A) and Local Civil Rule 73.02)(B)(2)(e) D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

On April 22, 2010, the defendant filed a motion to dismiss. By order of this court filed April 22, 2010, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary dismissal procedure and the possible consequences if he failed to respond adequately. Despite this explanation, the plaintiff failed to respond to the motion.

As the plaintiff is proceeding *pro se*, the court filed a second order on June 4, 2010, giving the plaintiff through June 28, 2010, to file his response to the motion to dismiss. The plaintiff was specifically advised that if he failed to respond, this action would be dismissed for failure to prosecute. The plaintiff failed to respond.

The plaintiff meets all of the criteria for dismissal under *Davis v. Williams*, 588 F.2d 69 (4th Cir. 1978). He is personally responsible for proceeding in a dilatory fashion, the defendants are suffering prejudice by continuing to have these claims pending and continuing to incur legal expenses, and no sanctions appear to exist other than dismissal given the previous warnings and extensions provided. *Id.* at 70.

Based on the foregoing, it appears the plaintiff no longer wishes to pursue this action. Accordingly, it is recommended that this action be dismissed with prejudice for lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *See Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989), *cert. denied*, 493 U.S. 1084 (1990).


July 2, 2010  
Greenville, South Carolina

s/Kevin F. McDonald  
United States Magistrate Judge